# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

AUDREY O. PAUL, )
                Plaintiff, )
)
v. ) No. 09-0192-CV-W-FJG
)
UNIVERSITY OF KANSAS MEDICAL )
CENTER, )
                Defendant. )

## **ORDER**

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 13). Also before the Court is Plaintiff's Response to the Court's Order to Show Cause and/or Motion for Costs and Attorney Fees (Doc. No. 15), as well as Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss (Doc. No. 16).

Defendant filed its motion to dismiss within its suggestions in opposition to plaintiff's motion for default judgment (Doc. No. 13, filed on October 26, 2009). Plaintiff did not timely oppose defendant's motion to dismiss; instead, in the Order denying plaintiff's motion for default judgment (Doc. No. 14), the Court directed plaintiff to show cause in writing why defendant's motion to dismiss should not be granted. Plaintiff's response to the Court's Order spends a great deal of time discussing why plaintiff's motion for default judgment should be granted and why she should be entitled to costs and attorneys fees (see Doc. No. 15, pp. 2-4), and further argues that the issues regarding venue in defendant's motion

to dismiss were waived by defendant's failure to respond to the complaint (see Doc. No. 15, pp. 5-6). Given that the Court has already denied plaintiff's motion for default judgment, these arguments carry very little weight with the Court.

Further, as noted in defendant's reply brief (Doc. No. 16), plaintiff did not properly serve defendant, an agency of the state of Kansas, pursuant to Fed. R. Civ. P. 4(j)(2) or K.S.A. 60-304(d)(5) (which provide that plaintiff, when serving a state agency, must serve either the chief executive officer of the agency or, in the state of Kansas, the attorney general or an assistant attorney general). Instead, plaintiff served process to "Mail Stop 1039" at the Medical Center, which defendant asserts is the internal address for the University of Kansas Medical Center Research Institute, Inc. (which is not the defendant in this matter). Additionally, plaintiff's purported service upon defense counsel is not proper service upon the defendant.[1] See Knight v. State of Kan., 1990 WL 154206 (D. Kan. Sept. 6, 1990)(finding that service on a "Special Assistant Attorney General," such as defense counsel in this matter, is ineffective); Taher v. Wichita State University, 2007 WL 852364 (D. Kan. Mar. 19, 2007)(same). Thus, plaintiff is not entitled to default judgment or her attorneys fees.

Furthermore, as asserted by defendant in its motion to dismiss (Doc. No. 13), 28 U.S.C. § 1391(b) provides that venue is proper only in:

---

[1]The Court is troubled by defendant's assertion that its counsel was unable to review the affidavit apparently signed by a private process server employed by plaintiff, as plaintiff apparently filed those exhibits only in paper form with the Court and did not serve copies of those documents on defendant. See Doc. No. 16, p. 1. There is no reason why plaintiff could not have filed copies of this exhibit (as well as the many other exhibits filed by plaintiff in paper form only) electronically on ECF, and there is certainly no reason why plaintiff should not have served these documents on defense counsel.

2

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In the current matter, the Court agrees with defendant that all the acts alleged in plaintiff's complaint occurred in the state of Kansas while plaintiff was an employee of a state agency, and the state agency (The University of Kansas Medical Center) resides in the state of Kansas. Therefore, Kansas appears to be the appropriate venue for this action. In her response, plaintiff asserts that venue should be determined by state law, the Missouri Human Rights Act ("MHRA"). However, the Court agrees with defendant that (1) the Missouri Human Rights Act does not apply to Kansas employers (such as defendant), and (2) venue is determined by federal, not state, law. Therefore, the Court agrees that venue is improper in this court.

Furthermore, the Court agrees that dismissal, rather than transfer of venue pursuant to 28 U.S.C. § 1406, is proper in this matter, as transfer would be futile. In particular, plaintiff's claims in Count I are premised on violations of the ADEA, and those claims against the state are barred by the Eleventh Amendment to the United States Constitution. Kimel v. Florida Board of Regents, 528 U.S. 62, 91 (2000); Smith v. Kansas, 574 F.Supp.2d 1217, 1220 (D. Kan. 2008). Furthermore, plaintiff's claims in Count II of her complaint that defendant violated the MHRA, R.S.Mo. § 213.010, are not cognizable, as defendant is not a Missouri employer. Additionally, plaintiff's claims in Counts III and IV of her complaint are state law tort claims, which are also barred by Eleventh Amendment immunity. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02 (1984); Ballou v. University of Kansas Medical Center, 871 F.Supp. 1384, 1390-91 (D. Kan.

3

1994). Therefore, transfer of plaintiff's claims to the proper venue would be futile. Defendant's motion to dismiss (Doc. No. 13) is **GRANTED.** Plaintiff's claims are **DISMISSED.**

**IT IS SO ORDERED.**


Date: 12/11/09
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge